# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DEMETRIUS M. BOYD,**
    **Plaintiff,**

    **v.**                                              Case No. 17-C-396

**LEBBEUS BROWN,** *et al.*,
    **Defendants.**

## DECISION AND ORDER

Plaintiff Demetrius M. Brown, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that defendants violated his civil rights. Docket Nos. 1 and 26. On July 19, 2017, I screened the complaint and allowed plaintiff to proceed with two claims: (1) an Eighth Amendment claim that Larry Primmer placed plaintiff in an unsanitary cell with no clothes or personal items for 24 hours; and (2) a Fourteenth Amendment claim that Lebbeus Brown kept plaintiff in Temporary Lock Up ("TLU") past May 8, 2016, the date when his disciplinary separation sentence was complete. Docket No. 25 at 4-5; *see also* Docket No. 30.

The parties filed cross-motions for summary judgment. Docket Nos. 35 and 41. On April 2, 2018, plaintiff explained that he no longer seeks to pursue his Eighth Amendment conditions of confinement claim against Primmer. Docket No. 46 at 3. Because defendants have conducted discovery on the issue and have spent time and resources fully briefing the matter, I will dismiss Primmer from this case with prejudice.

## I. THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT

### a. Facts

Plaintiff is an inmate at the Wisconsin Secure Program Facility ("WSPF"). Docket No. 43, ¶ 1. Defendant Lebbeus Brown is a Correctional Officer at WSPF. *Id.*, ¶¶ 2-3.

The relevant facts and dates in this case are difficult to discern. Plaintiff's allegations from his complaint (Docket Nos. 1 and 26) differ from the ones in his briefing materials (Docket Nos. 35 and 46), and plaintiff did not attach any documents that I could review to determine when he received his conduct reports, when he received hearings for the conduct reports, how long his sentences were for each conduct report, and when he was supposed to be released to general population. For this reason, I have taken facts primarily from defendants' proposed findings of fact. Docket No. 43. To a lesser extent, I have taken facts from plaintiff's motion for partial summary judgment (Docket No. 35).

On January 26, 2016, plaintiff received a sentence of 120 days disciplinary separation for Conduct Report ("CR") #2673326. Docket No. 35 at 2, ¶ 2. Disciplinary separation is "punitive status" in the Segregation Unit and inmates can progress from Step 1 (which has the fewest privileges) to Step 3 (which has the most privileges). Docket No. 43, ¶ 26; *see also* Docket No. 45-3 at 21-22. Plaintiff states that he should have been released from disciplinary separation on or around March 28, 2016, pursuant the Wisconsin Department of Corrections ("DOC") "half-time" policy which allows inmates to only serve "half of their disciplinary separation sentence as long as the prisoner does not receive additional disciplinary separation time for additional and unrelated dept' of corr's rule violations." Docket No. 35 at 2, ¶¶ 3-4. Plaintiff does not attach a copy of the

"half-time" policy but the Inmate Handbook provided by defendant (Docket No. 45-3) states "inmates may earn time off their disciplinary separation sanction for positive behavior." *See* Docket No. 45-3 at 21.

Plaintiff states that while he was in disciplinary separation for CR #2673326, he received a second conduct report (CR #2732072) for an incident that occurred around March 8 or 9, 2016. Docket No. 35 at 2, ¶ 5. Plaintiff was sentenced to an additional 180 days of disciplinary separation for his second conduct report. *Id.*, at 2-3, ¶¶ 5-7. According to plaintiff, his new release date from disciplinary separation should have been on or around June 30, 2016 or July 1, 2016.[1] *Id.* at 4, ¶ 2.

On June 16, 2016 (while plaintiff was still in disciplinary separation for his first two conduct reports), plaintiff went to the Alpha Unit "law library," which is a holding cell that was converted into a space where inmates can review their legal materials and conduct legal research. Docket No. 43, ¶¶ 4-6. Several correctional officers told plaintiff to exit the law library cell because Dr. Hoem had directed that plaintiff be placed in Clinical Observation for making threats of self-harm. *Id.*; *see also* Docket No. 44-3. Plaintiff states that he "fail to comply with Capt. Primmer's orders to allow security staff too [sic] remove [plaintiff] from [the] law library and escort [him] to Alpha Cell #302 so [he] could be placed on observation status." Docket No. 1, ¶ 5; *see* Docket No. 43, ¶¶ 7-11; *see also* Docket No. 44-1. As a result, Primmer had to assemble "a cell extraction team" to

---

[1] Plaintiff alleged in his complaint that he should have been released on or around May 8, 2016. *See* Docket No. 1 at 2. Plaintiff also alleges, in a different part of his brief, that he should have been released on or around May 26, 2018. *See* Docket No. 35 at 3, ¶ 7.

remove plaintiff from the cell. Docket No. 43, ¶¶ 9-11. Later that day, plaintiff received a third conduct report (CR #2821592) for disobeying orders. *See* Docket No. 44-4.

On June 30, 2016, plaintiff was removed from disciplinary separation and placed in TLU pending a disciplinary hearing for his third conduct report. Docket No. 43, ¶ 30; *see also* Docket No. 45-1. TLU is located in the Segregation Unit but is "non-punitive status" because inmates receive property and privileges consistent with inmates on Step 3. Docket No. 43, ¶ 26; *see also* Docket No. 45-3 at 23. Plaintiff received a hearing for his third conduct report on July 11, 2016 and was sentenced to 90 days disciplinary separation. Docket No. 43, ¶¶ 31-32. That same day, plaintiff was removed from TLU and placed back in disciplinary separation. *Id.*, ¶ 33.

b. **Analysis**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law." Fed. R. Civ. P. 56(c); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). The movant bears the burden of establishing that there are no genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). I grant summary judgment when no reasonable jury could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To prevail on a claim under 42 U.S.C. § 1983, plaintiff must show that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law.

4

*Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)).

The Fourteenth Amendment protects an individual from deprivation of life, liberty, or property without due process of law. U. S. Const. amend. XIV. "Those who seek to invoke its procedural protection must establish that one of those interests is at stake." *Wilkerson v. Austin*, 545 U.S. 209, 221 (2005). A prisoner's placement in disciplinary separation may create a liberty interest "if the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh." *Marion v. Columbia Corr. Inst.,* 559 F.3d 693, 697-98 (7th Cir. 2009). "In the absence of a protected liberty or property interest, "the state is free to use any procedures it chooses, or no procedures at all." *Gillis v. Raemisch*, No. 10-CV-509-BBC, 2011 WL 116828, at *2 (W.D. Wis. Jan. 13, 2011), *aff'd*, 431 F. App'x 489 (7th Cir. 2011)

Segregated confinement for less than six months usually does not implicate a liberty interest. *Marion,* 559 F.3d at 698. Nevertheless, trials courts do not dismiss an action based only on the pleadings. *Id.* Instead, they conduct "additional factual development" regarding the inmate's conditions of confinement. *Id.* As the Seventh Circuit has noted, "both the duration and the conditions of segregation must be considered in the due process analysis; if the conditions of segregation [are] significantly harsher than those in the normal prison environment, 'then a year of [segregation] might count as deprivation of liberty where a few days or even weeks might not." *Id.* (quoting *Bryan v. Duckworth*, 88 F.3d 431, 433 (7th Cir. 1996)).

5

While screening plaintiff's complaint, I noted that plaintiff's transfer from disciplinary separation to TLU likely did not implicate a liberty interest because TLU is a less restrictive form of confinement than disciplinary separation. Nevertheless, I allowed the claim to proceed to conduct additional factual development regarding the condition of confinement in TLU. Plaintiff now appears to slightly change his Fourteenth Amendment claim and asks me to "recognize [his] time spent on TLU from 3/28/2016 up to 6/11/2016." Docket No. 46 at 3.

I will grant defendant's motion for summary judgment and will dismiss this case. First, the record establishes that plaintiff was only in TLU for 11 days, between June 30, 2016 and July 11, 2016, far shorter than the 21 days allowed under Wis. Admin. Code § DAI 303.00.03. *See* Docket No. 45-1. Plaintiff appears to use "disciplinary separation" and TLU interchangeably, but there is a notable difference, namely that TLU is non-punitive status where inmates receive more privileges than in disciplinary separation.

Further, plaintiff has not alleged facts showing that the conditions of his confinement (between 3/28/2016 and 6/11/2016) were significantly harsher than those in the normal prison environment. Plaintiff alleges that he did not have telephone calls, recreation, electronics, and out of cell privileges (Docket No. 35 at 6, ¶ 1) but these deprivations are nowhere near the sort of conditions required to implicate a liberty interest. *See Wilkinson v. Austin*, 545 U.S. 209, 214, 224 (2005)) (concluding that plaintiff implicated a liberty interest when he alleged that he was deprived of virtually all sensory stimuli or human contact for an indefinite period of time); *see Townsend v. Cooper*, 759 F.3d 678, 685-87 (7th Cir. 2014)(concluding that plaintiff implicated a liberty interest when he alleged that he spent "a period of weeks completely naked, with

6

no clothing, shoes, bedding, linens, mattress, mail or legal materials;")) *see also Mathews v. Brown*, No. 16-CV-650-SLC, 2017 WL 3034368, at *7 (W.D. Wis. July 17, 2017)(concluding that plaintiff did not implicate a liberty interest when he alleged that he "was denied visits, phone calls, and certain publications.")

Based on the evidence on the record, no reasonable factfinder could conclude that plaintiff's placement in TLU and/or disciplinary separation implicated a liberty interest. Therefore, I will grant defendants' motion for summary judgment and will dismiss the case. *Obriecht v. Raemisch*, No. 10-CV-221-JPS, 2013 WL 1288070, at *16 (E.D. Wis. Mar. 26, 2013), *aff'd,* 565 F. App'x 535 (7th Cir. 2014)(granting defendant's motion for summary judgment because plaintiff "presented no evidence of conditions that would suggest a liberty interest had been infringed.")

### III. CONCLUSION

For the reasons discussed above, **IT IS ORDERED** that Larry Primmer is **DISMISSED** from this case with prejudice.

**IT IS ORDERED** that plaintiff's motion for partial summary judgment (Docket No. 35) is **DENIED**; defendant's motion for summary judgment (Docket No. 41) is **GRANTED;** and this case is **DISMISSED.** The Clerk of Court shall enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. I can extend this deadline if a party timely requests an extension and shows good cause or

excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask me to alter or amend my judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. I cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. I cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

I expect parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin, this 29th day of August, 2018.

                                          s/Lynn Adelman_____
                                          LYNN ADELMAN
                                          District Judge